FILED ___ ENTERED
LOGGED ___ RECEIVED

MAR 13 2026

AT BALTIMORE
CLERK U.S DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 CR 0192 |
| ) | |
| DAVID ODOM, ) | Judge George Russell III |
| Defendant. ) | |

### DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ACCOUNTING OF FORFEITURE PROCEEDS

Defendant David Odom respectfully moves for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65 and for an order requiring the Government to produce a complete accounting of the proceeds from the sale of forfeited real property that this Court ordered to be applied toward restitution.

**Introduction**

This motion concerns the execution of this Court's own forfeiture and restitution orders. The Court ordered that certain real property be sold, that the proceeds be applied toward restitution, and that any surplus be returned to Defendant. Determining whether restitution has been satisfied therefore requires a transparent accounting of the sale proceeds and their distribution.

Although the property was sold in June 2024, the Government has never produced the closing statement, escrow records, or a ledger reconciling the sale proceeds. Nevertheless, federal systems continue to report that Defendant owes restitution. The limited numbers the Government has provided reveal a $143,267 discrepancy in the disposition of the sale proceeds—an amount significantly larger than the alleged restitution balance (nearly all being alleged interest) the Government claims remains unpaid.

Until the proceeds are reconciled, there is no reliable basis for the continued reporting of a restitution balance. Defendant seeks only narrow interim relief preserving the status quo while the Court reviews the accounting.

**Factual Background**

The Court previously ordered the forfeiture and sale of certain real property with proceeds to be applied toward restitution. According to public record, the property was sold on June 6, 2024.

Since that time Defendant has repeatedly requested an accounting that includes:

- the closing statement
- escrow account records
- documentation of interest earned on the proceeds
- a ledger showing how proceeds were applied

The Government has not produced any of those records. Instead, the Government has represented only that it distributed:

Property taxes: $209,737.47

Civil lien payment: $51,265.45

Restitution payment: $695,729.56

(See Statement of Undisputed Accounting Facts which is attached hereto as Exhibit A.)

The Government has even refused to disclose to the Defendant how much money it collected from the sale of the forfeited property. Public property records reflect a sale price of approximately $1,100,000.[1]

---

[1] If accurate, the sale price reflects a significant diminution in value between the time the Government took exclusive possession of the property pursuant to a motion for interlocutory sale in November 2022, and the time the Government sold the property two years later.

2

## LEGAL STANDARD

A temporary restraining order may issue where the movant demonstrates: 1) likelihood of success on the merits; 2) likelihood of irreparable harm; 3) balance of equities favors relief; and 4) public interest supports relief. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008); *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342 (4th Cir. 2009)..

## ARGUMENT

### I. Defendant Is Likely To Succeed On The Merits

Defendant is likely to succeed because the Government's administration of the forfeited property and its refusal to provide a complete accounting violate both the Court's forfeiture order and the Due Process Clause. Where the Government seizes and administers property affecting an individual's financial interests, due process requires notice and a meaningful opportunity to challenge the Government's actions. *Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950). The Supreme Court has emphasized that property interests in forfeiture proceedings are protected by the Constitution. *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993). Here, Defendant retains a property interest in the proceeds of the forfeited property because the forfeiture order expressly required that any surplus proceeds be returned to Defendant. Yet the Government has:

- failed to provide a full accounting of the proceeds;
- failed to explain the disposition of more than $143,000 in funds;
- paid more than $51,000 to the restitution recipient without crediting Defendant; and
- failed to disclose the interest that was earned while it held proceeds from the sale for fifteen months.

The Government's continued reporting of a restitution balance while withholding the information necessary to verify that balance deprives Defendant of the ability to challenge the Government's calculations. This lack of transparency violates fundamental principles of due process.

Even accepting the Government's representations at face value, the proceeds cannot be reconciled.

Sale price (public record): $1,100,000

Reported distributions: $956,732.48

Unreconciled proceeds:

$1,100,000 − $956,732.48 = $143,267.52

The Government has never explained the disposition of these funds. This discrepancy alone exceeds the restitution balance the Government claims remains unpaid. Additionally, the $51,265.45 civil lien payment must be credited toward restitution under 18 U.S.C. § 3664(j)(2).

When the $51,265.45 lien payment is properly treated as a restitution credit rather than as a depletion of proceeds, the total amount applied toward the victim for the same loss becomes: $699,201.56[2] + $51,265.45 = $750,467.01.

That exceeds the $700,000 restitution principal.

In other words, based on the Government's own numbers and publicly recorded sale price, the restitution principal has been satisfied — and exceeded — before addressing the unexplained $143,000 discrepancy.

---

[2] This number includes the restitution payments the Defendant made prior to the sale of the forfeited property.

4

## II.   Defendant And His Spouse Will Suffer Irreparable Harm If Relief Is Not Granted

Defendant and his wife are currently under contract to purchase a primary residence using an FHA-insured mortgage loan. The lender has confirmed that the loan cannot proceed to closing because a delinquent federal debt as reported by the Department of Justice prevents final underwriting approval. (See Lender Email attached hereto as Exhibit C.)

Defendant's closing date has passed. The seller has informed Defendant that it intends to cancel the contract, market the house and retain the earnest money as liquidated damages. (*Id.*) Such an eventuality will financially devastate the Defendant and his spouse. Any chance Defendant has to revive the purchase agreement and to mitigate the harm relies on the Court granting the relief sought herein. If the transaction fails, Defendant and his spouse will lose both the property and the earnest money deposit. And, as the Fourth Circuit has recognized, government actions affecting housing and property interests constitute irreparable harm. *Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013).

## III.   The Balance Of Equities Strongly Favors Relief

The requested relief imposes minimal burden on the Government. Defendant asks only that the Government:

1. produce a complete accounting of the forfeiture proceeds; and
2. temporarily cease reporting a delinquent restitution balance unless and until such accounting determines that a balance is actually owed.

By contrast, the harm to Defendant—loss of housing and loss of earnest money—is severe and immediate.

## IV. Granting Relief Serves The Public Interest

The public has a strong interest in ensuring that federal forfeiture proceedings are conducted transparently and in compliance with constitutional protections. Ordering an accounting and preventing the reporting of unsubstantiated financial obligations serves the public interest by ensuring that government reporting reflects accurate information supported by documented financial records.

## REQUESTED RELIEF

Defendant respectfully requests that the Court:

1. Issue a Temporary Restraining Order preventing the Government from reporting that Defendant owes restitution unless and until a verified accounting demonstrates that restitution is owed;
2. Order the Government to produce a complete accounting of the forfeiture proceeds including:
   a. the closing statement from the sale;
   b. escrow account records;
   c. documentation reflecting interest earned on the proceeds;
   d. a ledger showing how the proceeds were applied toward restitution; and
   e. documentation explaining the disposition of all sale proceeds;
3. Schedule an expedited hearing regarding reconciliation of the sale proceeds; and
4. Grant such other relief as the Court deems appropriate.

Temporary relief preserves the status quo while the Court reviews the accounting of the forfeiture proceeds.

## RULE 65(b) CERTIFICATION

Defendant certifies that notice of this motion is being provided to the United States by the Clerk of the Court through CM/ECF and by email.

Immediate relief is necessary because Defendant's home purchase will collapse if the restitution reporting remains active.

Respectfully submitted,

David T. Odom
P.O. Box 1281
Plainfield, Illinois 60544
(630) 546-0664